IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

LONNIE D. FRANKS
ADC #108366                                                                                   PLAINTIFF

V.                              NO: 5:07CV00225 WRW/HDY

LARRY NORRIS *et al.*                                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge William R. Wilson, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.
2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the

1

> hearing before the District Judge in the form of an offer of
> proof, and a copy, or the original, of any documentary or
> other non-testimonial evidence desired to be introduced at
> the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff filed this *pro se* complaint, pursuant to 42 U.S.C. § 1983, on September 4, 2007, alleging that he was charged with, and convicted of, rule violations in connection with the discovery of tobacco and alcohol at the Varner Unit, and threats he allegedly made to another inmate. Plaintiff has named as Defendants Arkansas Department of Correction ("ADC") Director Larry Norris, ADC Chief Deputy Director Ray Hobbs, Disciplinary Hearing Administrator James Gibson, Disciplinary Hearing Officer Chris Coody, Varner Unit Warden Grant Harris, Varner Unit Deputy Warden Kim Luckett, Varner Unit Major Michael M. Lowe, Varner Unit Lieutenant Michael Cook, and Varner Unit CO-II Sedric Franklin. On October 19, 2007, Defendants filed a motion to dismiss (docket entry #15), along with a brief in support (docket entry #16). Because Defendants attached numerous exhibits to their motion, Plaintiff was given notice that the Court would treat the motion as a motion for summary judgment, and he was given an opportunity to respond accordingly (docket entry #19). Since the entry of that order, Plaintiff has filed an amended complaint and response to Defendants' motion (docket entry #21), and a brief in support (docket entry #22).

**I. Standard of Review**

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

**II. Analysis**

The events giving rise to this lawsuit occurred in December of 2006. On December 21, 2006, inmate R. Johnson advised Cook that Plaintiff, and two other inmates, entered his barracks with shanks, and threatened that if their tobacco was not brought into the unit the next day, they would be back to "get" him, and there would be a "blood bath." This prompted an investigation which led to the discovery of 152 packages of tobacco, and 1/2 pint of Bacardi Rum in the "freeline lawn shop." According to Plaintiff, Cook knowingly and willingly falsified information while he was conducting the investigation. Plaintiff was subsequently charged with assault, out of place of assignment, possession of a weapon, possession of clothing or property not issued by the unit, and any act defined as a felony or misdemeanor by the state of Arkansas. Plaintiff was convicted of all

3

charges, and given 30 days of punitive time, 60 days commissary restriction, one year of non-contact visitation, and lost his hobby craft card, which resulted in him losing income.

Plaintiff charges that Cook failed to adhere to ADC policy in conducting the investigation and charging him with the rule infractions. Because of this, Plaintiff claims, his due process rights were violated, and he was subjected to cruel and unusual punishment. All the named Defendants are alleged to have played some role in the serving of disciplinary charges, investigation of the allegations, the disciplinary hearing or the appeal thereof, or in implementing the punishment. Plaintiff seeks expungement of the disciplinary conviction, restoration of his privileges, and damages for lost hobby craft income and pain and suffering, as well as court costs.

Defendants assert that Plaintiff has failed to exhaust his administrative remedies, that he failed to state facts upon which relief may be granted, that more than some evidence supports his disciplinary conviction, that he had no liberty interests that would trigger due process, that failure to follow ADC policy is not actionable, and that they are entitled to qualified immunity. Because there is some evidence to support Plaintiff's disciplinary conviction, Defendants' motion should be granted, and Plaintiff's complaint should be dismissed.

The gravamen of Plaintiff's complaint is that he was improperly convicted of prison rule violations. Federal Courts do not sit in appellate review of a prison disciplinary court's findings. *Goff v. Dailey*, 991 F.2d 1437, 1440 n.5 (8th Cir. 1993). The United States Supreme Court has held that in prison discipline cases, the requirements of due process are satisfied if "some evidence" supports the decision by the prison disciplinary board. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985). In reaching that conclusion, the Court cited with approval the Eighth Circuit decision of *Willis v. Ciccone*, 506 F.2d 1011, 1018 (8th Cir. 1974), which held that "[t]he sole and only issue of constitutional substance is whether there exists any evidence at all, that is, whether there is any

basis in fact to support the action taken by prison officials." Accordingly, the only inquiry to be made by this Court is whether some evidence supports the disciplinary officer's findings.

The hearing action form, attached as exhibit G to Defendants' motion, reveals that staff reports, statements, confidential statements, and photographs were relied upon by the hearing officer when he made the decision. Exhibit J is a photograph of the contraband found in the lawn shop. In his complaint and amended complaint, Plaintiff admits that other inmates gave statements implicating him. Although Plaintiff claims he was not allowed to call a witness who, he contends, could have supported his innocence, that witnesses' testimony would not negate the fact that "some evidence" supports the disciplinary conviction.

Additionally, the fact that Plaintiff had a hearing demonstrates that he had some amount of due process before he was punished for the rule infractions. Thus, even if Plaintiff had a liberty interest in avoiding punitive time or loss of privileges, he received due process before the punishment was administered. The Court notes that Plaintiff makes much of certain Defendants' alleged failure to follow ADC policy in handling the investigation or disciplinary hearing. However, the failure to follow prison policy is not actionable. *See Gardner v. Howard*, 109 F. 3d 427, 430 (8th Cir. 1997)(no § 1983 liability for violation of prison policy).

In summary, Plaintiff was charged with rule infractions, then given a disciplinary hearing at which he was found guilty of all charges. Some evidence supports the hearing officer's findings. Accordingly, no material facts remain in dispute, Defendants' motion for summary judgment should be granted, and Plaintiff's complaint should be dismissed.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.  Defendants' motion for summary judgment (docket entry #15), be GRANTED, and

5

Plaintiff's complaint be DISMISSED WITH PREJUDICE.

2.  The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action be considered frivolous and not in good faith.

DATED this ___11___ day of December, 2007.

_____
UNITED STATES MAGISTRATE JUDGE